COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



GUY KENERSON,


 Appellant,


v.


THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-08-00217-CR




Appeal from the



Criminal District Court No. One



of El Paso County, Texas



(TC#20080D00935)


MEMORANDUM OPINION


 This is an appeal from a jury conviction for three counts of delivery of cocaine in an amount
less than one gram. Each count was enhanced by the allegation of four prior felony convictions. The
court assessed punishment at eleven years' imprisonment on each count to run concurrently. We
affirm the judgment as reformed.

 Appellant's court-appointed counsel has filed a brief in which she has concluded that the
appeal is wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094,
18 L.Ed.2d 1377 (1967), by advancing contentions which counsel says might arguably support the
appeal. See High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief has been delivered to
Appellant, and Appellant has been advised of his right to examine the appellate record and file a pro
se brief. A pro se brief has been filed.

 We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly
frivolous and without merit. Further, we find nothing in the record that might arguably support the
appeal.

 However, we note that the Nunc Pro Tunc Judgment reflects that Appellant was convicted only
of one count. This Court has the authority to reform the trial court's judgment to correct a clerical
error. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). When
there is a variation between the oral pronouncement of sentence and the written memorialization of
the sentence, the oral pronouncement controls. See Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim.
App. 1998). The jury returned three separate verdicts one on each count, and the court assessed
punishment at eleven years' imprisonment on each count to run concurrently. Accordingly, we reform
the judgment and order the District Clerk of El Paso County to issue two nunc pro tunc judgments in
accordance with Tex. Code Crim. Proc. Ann. art. 42.01 (Vernon 2006).

 One judgment is to include the notations that Appellant was convicted by the jury on count two
committed on December 4, 2007 for delivery of a controlled substance in penalty group two in an
amount less than one gram, and with the same punishment of eleven years' imprisonment as a second
degree-felony, as assessed by the court as in count one. The judgment should indicate that the sentence
is to run concurrent with the other two counts. The judgment should indicate that Appellant pleaded
"not true" to enhancement paragraphs one and four, no plea to enhancement paragraph two, and a plea
of "true" to paragraph three. The judgment should indicate that the court found all four enhancement
paragraphs to be true.

 The third judgment should reflect that Appellant was convicted by the jury on count three
committed on December 7, 2007 for delivery of a controlled substance in penalty group one in an
amount less than one gram, and with the same punishment of eleven years' imprisonment as a second-degree felony as assessed by the court as in counts one and two. The judgment should indicate that
the sentence is to run concurrent with the other two counts. The judgment should also indicate that
Appellant pleaded "not true" to enhancement paragraphs one and four, and true to enhancement
paragraphs two and three. It should be stated that the court found all four enhancement paragraphs to
be true. The judgment should reflect that the sentences on all three counts are to run concurrently.

 The District Clerk of El Paso County is to prepare the nunc pro tunc judgments and include
them in a supplemental clerk's record and forward them to this Court by October 21, 2009.

 The judgment, as reformed, is affirmed.


 GUADALUPE RIVERA, Justice


October 7, 2009


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)